IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID GERARD PFLUM,

        Plaintiff,

Vs.                                                           No. 08-4155-SAC

UNITED STATES OF AMERICA,

        Defendant.

MEMORANDUM AND ORDER

The United States of America removed this action from the District Court of Pottawatomie County, Kansas, pursuant to 28 U.S.C. § 1441 and 1442(a)(1). (Dk. 1). The United States then moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Dk. 2). When the plaintiff's time for filing his response to this motion to dismiss passed, the court issued an order to show cause why the government's motion should not be decided as uncontested. (Dk. 5). The plaintiff filed a response on February 27, 2009. (Dk. 7). The government promptly replied on March 3, 2009. (Dk. 8).

When this removal action was assigned to this court, the plaintiff, David Gerard Pflum, had recently appeared in this court as the defendant on a supervised release violation report in another case. *United*

*States v. David G. Pflum*, No. 04-40008-01-SAC.  In December of 2004, this court sentenced Pflum to thirty months' imprisonment upon multiple convictions for failing to truthfully collect and pay over employment taxes and for failing to file federal income tax returns.  Following his release from custody, the defendant began serving his two-year term of supervised release.  In August of 2008, David Pflum appeared before the magistrate judge who found probable cause that the defendant had violated the conditions of his supervised release.  The district court conducted the final revocation hearing on September 11, 2008, and found by a preponderance of evidence that the defendant had violated his term of supervised release.  The court, however, continued the imposition of sentencing in order to provide the defendant with an opportunity to prove his willingness and ability to comply with the conditions of his supervised release.  The court also imposed five additional special conditions of supervised release.

   On February 17, 2009, the defendant David Pflum appeared for sentencing on his supervised release violation.  At that hearing, the government advocated that the defendant deserved the maximum sentence for his violation, because, *inter alia*, he had filed inaccurate and incomplete returns, had not paid any taxes owed, and had obstructed the

government's efforts at securing and collecting upon its federal tax liens. As some proof of Pflum's obstruction, the government introduced as an exhibit the defendant's complaint filed in the Pottawatomie County District Court on December 3, 2008, (dk. 157, ex. 24), which is the current removal action. This court sentenced the defendant to seven months' imprisonment noting in part that the defendant had continued to hide assets and to obstruct the Internal Revenue Service's collection efforts with legal positions and arguments displaying a disregard and disdain for the law.

Under 28 U.S.C. § 455(a), a judge is to recuse himself if he "concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (citation omitted). Recusal is necessary when there is the appearance of bias, regardless of whether there is actual bias. *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995). The decision to recuse remains within the sound discretion of the district court judge. *United States v. Stenzel*, 49 F.3d 658 (10th Cir.), *cert. denied*, 516 U.S. 840 (1995). In having made sentencing findings in another case that could be interpreted as a negative comment on the merits of this action, the judge should disqualify itself from this proceeding because his

impartiality might reasonably be questioned.  *See* Code of Conduct for United States Judges, Canon 3, § C(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned.").

IT IS THEREFORE ORDERED that the court recuses itself from this case and requests the clerk of the court to reassign it accordingly.

Dated this 4th day of March, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge