IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

DAVID GERARD PFLUM,

        Plaintiff,

vs.                        **Case No. 08-4155-RDR**

UNITED STATES OF AMERICA,

        Defendant.

### MEMORANDUM AND ORDER

This is an action brought by plaintiff, proceeding pro se, against the United States. He seeks to have certain liens and levies imposed by the Internal Revenue Service vacated. He asserts that these liens and levies violate various Kansas statutes as well as 26 U.S.C. §§ 7403, 6323(f) and 6331, and 28 U.S.C. §§ 3201, 3200 and 2107. This matter is presently before the court upon the United States' motion to dismiss.

In its motion, the United States contends that the court lacks subject matter jurisdiction and/or the complaint fails to state a claim upon which relief can be granted. The United States argues that it is immune from this suit. It asserts that the Anti-Injunction Act and the Declaratory Judgment Act preclude any suit seeking to restrain the collection of taxes.

This case was initially filed by plaintiff in state court. It was removed to this court by the United States on December 30, 2008. The United States filed the instant motion to dismiss on

December 31, 2008. Plaintiff did not timely respond to the United States' motion.  The court issued an order to show cause on January 26, 2009.  Plaintiff was given until February 25, 2009 in which to file a response.  On February 27, 2009, he filed a pleading titled "Challenge to Jurisdiction."  In that document, he requested that the court and the government "prove its jurisdiction."  He demanded that the court do so within 10 days, or "alternatively issue a removal of all liens and levies in this case."

The law is well-settled that the Anti-Injunction Act, 26 U.S.C. § 7421, bars the relief sought by the plaintiff. See <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962) ("The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."); <u>Rael v. Apodaca</u>, 210 Fed.Appx. 787, 790 (10th Cir. 2006).  Plaintiff has failed to sufficiently allege any exception to the Act.  In addition, the Declaratory Judgment Act, 28 U.S.C. § 2201-02, prohibits declaratory judgments in matters relating to an individual's federal taxes.  <u>Ambort v. United States</u>, 392 F.3d 1138, 1140 (10th Cir. 2004).  Accordingly, the court must dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that the United States' motion to

dismiss (Doc. # 2) be hereby granted.  Plaintiff's complaint is hereby dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated this 9th day of March, 2009 at Topeka, Kansas.


                                            s/Richard D. Rogers
                                            United States District Judge